**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10                    IN THE UNITED STATES DISTRICT COURT
11               FOR THE NORTHERN DISTRICT OF CALIFORNIA
12
13  DARRELL JOHNSON,                        No.  C 09-0409 CW
14          Petitioner,                     ORDER GRANTING
                                            RESPONDENT'S
15      v.                                  MOTION TO DISMISS
                                            (Docket No. 14)
16  MICHAEL MARTELL, Acting Warden,
17          Respondent.
18  _____/
19
20      On January 29, 2009, Petitioner Darrell Johnson, a state
21  prisoner incarcerated at Mule Creek State Prison, filed this pro se
22  petition for a writ of habeas corpus pursuant to Title 28 U.S.C.
23  § 2254.  Respondent moves to dismiss the petition based on failure
24  to exhaust any of the claims.  Petitioner filed an opposition,
25  consisting of a hand-written letter with several attachments.
26  Respondent has not filed a reply.  Having considered all the papers
27  filed by the parties, the Court GRANTS Respondent's motion to
28  dismiss.

United States District Court
For the Northern District of California

BACKGROUND

On October 25, 2006, Petitioner was sentenced to seventeen years in state prison for forcible rape. (Pet. at 2.) In his direct appeal to the California court of appeal, Petitioner argued that the trial court: 1) violated his federal due process rights by admitting K. Doe's testimony about Petitioner's prior sexual assault and by permitting the use of a victim support person during the victim's testimony; and 2) violated California law by admitting the victim's 911 call to the police as a spontaneous statement and by admitting expert testimony on rape trauma syndrome. (Resp.'s Ex. A, Ct. of Appeal decision.)

The court of appeal affirmed the conviction, and Petitioner sought review in the California Supreme Court, where he claimed that the trial court: 1) violated his federal due process rights by admitting K. Doe's testimony about a prior sexual assault committed by Petitioner; and 2) violated California law by admitting expert testimony on rape trauma syndrome. (Resp.'s Ex. A, Petition for Review.) The California Supreme Court denied review on January 14, 2009. (Pet. at 5.)

LEGAL STANDARD

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254 (b), (c). Granberry

2

v. Greer, 481 U.S. 129, 133-34 (1987); Rose v. Lundy, 455 U.S. 509, 515 (1982).

The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity "to give the state the initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971)(citations omitted). The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. Id.; Peterson v. Lampert, 319 F.3d 1153, 1155 (9th Cir. 2003)(en banc). A federal district court must dismiss a federal petition containing any claim as to which state remedies have not been exhausted. Rhines v. Webber, 544 U.S. 269, 273-74 (2005).

For purposes of exhaustion, pro se petitions may, and sometimes should, be read differently from counseled petitions. Sandgathe v. Maass, 314 F.3d 371, 378 (9th Cir. 2002) (neither confused arguments nor poor lawyering will necessarily defeat a pro se petitioner's otherwise adequate efforts to assert a federal claim in state court); Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc) ("[T]he complete exhaustion rule is not to trap the unwary pro se prisoner.").

DISCUSSION

I.   Exhaustion

Respondent moves to dismiss the petition on the ground that all the claims raised are unexhausted. The petition contains the following claims: 1) ineffective assistance of counsel in violation of the Sixth Amendment for failing to object to juror misconduct involving the use of a laptop computer; 2) prosecutorial misconduct

3

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

in violation of the Fourteenth Amendment, based on the presentation
of false testimony and the use of a photograph taken five hours
after the police first arrived on the scene; 3) improper admission
of hearsay in violation of California Evidence Code section 1240 by
the admission of the victim's 911 call to police; and 4) improper
admission of perjured testimony of K. Doe in violation of the
Fourteenth Amendment.

As mentioned previously, Petitioner only raised two claims
before the California Supreme Court: 1) that the trial court erred
in admitting testimony about a prior sexual assault; and 2) that
the trial court erred in admitting prejudicial rape trauma syndrome
evidence.  Neither of these claims are in the federal habeas
petition.  Thus, only unexhausted claims are raised in the federal
habeas petition.

Accordingly, the Court GRANTS Respondent's motion to dismiss.

II.  Certificate of Appealability

The federal rules governing habeas cases brought by state
prisoners have recently been amended to require a district court
that dismisses or denies a habeas petition to grant or deny a
certificate of appealability in its ruling.  <u>See</u> Rule 11(a), Rules
Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December
1, 2009).

For the reasons stated above, Petitioner has not shown "that
jurists of reason would find it debatable whether the district
court was correct in its procedural ruling." <u>Slack v. McDaniel</u>,
529 U.S. 473, 484 (2000).  Accordingly, a certificate of
appealability is DENIED.

4

1                          CONCLUSION

2          The instant action must be dismissed because none of

3    Petitioner's claims in his federal habeas petition have been

4    exhausted in state court.  The Court GRANTS Respondent's motion to

5    dismiss (Docket No. 14) and DENIES a certificate of appealability.

6          IT IS SO ORDERED

7

8

9    Dated  September 20, 2010

10                                   CLAUDIA WILKEN
                                     United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                     5

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DARRELL JOHNSON,                              Case Number: CV09-00409 CW

        Plaintiff,                         **CERTIFICATE OF SERVICE**

  v.

MICHAEL MARTEL, Acting Warden, et al,

        Defendants.
_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 20, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darrell Johnson F49735
C-14-217- Up
Mule Creek State Prison
P.O. Box 409060
Ione, CA 95640

Dated: September 20, 2010

                       Richard W. Wieking, Clerk
                       By: Ronnie Hersler, Adm. Law Clerk

**United States District Court**
For the Northern District of California

6